IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DELPHINE BASKERVILLE ) | |
| ) | |
| Plaintiff ) | Cause No.: 1:17-cv-1275 |
| ) | |
| vs. ) | |
| ) | |
| CORRECT CARE SOLUTIONS, LLC, ) | |
| ) | |
| Defendant ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Delphine Baskerville, by counsel and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff Delphine Baskerville is a resident of Marion County, State of Indiana who was formerly employed by the Defendant.

2. Defendant, Correct Care Solutions, LLC (hereinafter referred to as "Correct Care") is an employer as defined by 49 U.S.C. 2000e(b), 29 U.S.C. § 626, *et. seq.*, 42 U.S.C. § 12101, *et. seq.* and 42 U.S.C. §1981 that conducts business in the State of Indiana.

3. Ms. Baskerville invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

5. Ms. Baskerville, an African-American female over the age of forty (40), was hired by Correct Care in November 2010 as an LPN and as a pharmacy nurse.

6. Plaintiff, at all relevant times met or exceeded the legitimate employment expectations of the Defendant.

7. On or about August 2, 2016, Ms. Baskerville notified the Defendant that she was experiencing chest pains and had been diagnosed with stress disorder, and that her doctor wanted her to take three days off.

8. Plaintiff returned on August 8, 2016, with documentation to support her absence and learned that she was terminated by the Defendant on August 5, allegedly for violating the company's attendance policy.

9. On or about September 2016, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("Charge Number 470-2017-00320") alleging violations of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act.

10. On or about January 31, 2017, the Equal Employment Opportunity Commission issued Plaintiff a right to sue on Charge Number 470-2017-00320.

COUNT I
TITLE VII – GENDER

11. Plaintiff incorporates by reference paragraphs one (1) through ten (10) above.

12. Defendant's decision to terminate Plaintiff was motivated by her sex and/or gender.

13. Defendant's actions violate Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000(e) *et. seq*.

14. Defendant's actions were willful and with reckless disregard for Plaintiff's rights.

15. As a result of Defendant's actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, compensatory damages, punitive damages, and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## COUNT II
## ADEA

16. Plaintiff incorporates by reference paragraphs one (1) through fifteen (15) above.

17. Plaintiff belongs to a protected class by way of her age.

18. Defendant's decision to terminate Plaintiff was motivated by her age.

19. Similarly situated employees outside the protected class were treated more favorably than Plaintiff.

20. Defendant, Correct Care, willfully violated the Age Discrimination in Employment Act when it terminated Plaintiff and replaced her with a younger employee.

21. As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, liquidated damages, costs and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, liquidated damages, back pay, pre-judgment interest, reasonable attorney fees, costs and all other appropriate relief.

## COUNT III
## TITLE VII – RACE

22. Plaintiff incorporates by reference paragraphs one (1) through twenty-one (21) above.

23. Plaintiff belongs to a protected class by way of her race and color.

24. Defendant's decision to terminate Plaintiff was motivated by her race and/or color.

25. Similarly situated employees outside of Plaintiff's protected class(es) were treated more favorably than Plaintiff.

26. Defendant willfully violated Title VII of the Civil Rights Act of 1964 when it terminated Plaintiff's employment.

27. As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, compensatory damages, costs and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## COUNT IV
## 42 U.S.C. §1981

28. Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27) above.

29. Plaintiff entered into a contractual relationship with the Defendant wherein Plaintiff would provide labor in exchange for wages.

30. Plaintiff performed her work in a satisfactory manner but was terminated.

31. Defendant based its decision to terminate Plaintiff on her race.

32. Defendant's actions are in violation of 42 U.S.C. § 1981.

33. Defendant's actions were willful and in reckless disregard for Plaintiff's rights.

34. As a result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, mental and emotional damages, liquidated damages, compensatory damages, punitive damages and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## COUNT V
## FMLA

35. Plaintiff incorporates by reference paragraphs one (1) through thirty-four (34) above.

36. During her employment with Defendant, Plaintiff had a history of utilizing Family Medical Leave and in fact suffered from a serious medical condition that would qualify her for Family Medical Leave.

37. Plaintiff suffered an adverse employment action when Defendant terminated her employment while she was off work due to her serious medical condition.

38. Plaintiff:

   A. Was treated less favorably than employees who had not requested or were in need of leave under the FMLA; or

   B. Suffered an adverse employment decision because of her request or need for leave under the FMLA; or

   C. Suffered an adverse employment decision for taking leave under the FMLA and because of her perceived need for leave under the FMLA.

39. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, liquidated damages, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, liquidated damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## COUNT VI
## ADA

40. Plaintiff incorporates by reference paragraphs one (1) through thirty-nine (39) above.

41. Plaintiff suffers from a disability as defined under the Americans with Disabilities Act, namely stress disorder.

42. Plaintiff was at all times able to perform the essential functions of her job, with or without reasonable accommodations.

43. Defendant's decision to terminate Plaintiff was motivated by her disability and/or perceived disability.

44. Similarly situated employees outside of Plaintiff's protected class(es) were treated more favorably than Plaintiff.

45. Defendant willfully violated the Americans with Disabilities Act when it terminated Plaintiff's employment.

46. As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, compensatory damages, costs and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## COUNT VII
## FRAMPTON

47. Plaintiff incorporates by reference paragraphs one (1) through forty-six (46) above.

48. Plaintiff underwent surgery in late 2015 to repair work-related damage to her knee.

49. Plaintiff underwent a second surgery in January 2016.

50. Plaintiff attempted to file a worker's compensation claim for this injury, but was told by the Defendant that she would have to utilize her paid time off (PTO).

51. Defendant contravened the Indiana Workers' Compensation Statute when it terminated Plaintiff on or about August 5, 2016 for exercising her statutory right to report a work-related injury and seek compensation and treatment for that injury.

52. Plaintiff's termination, by Defendant, for reporting a work-related injury and making a claim for same is contrary to public policy and actionable under Indiana common law.

53. As a result of Defendant's actions, Plaintiff sustained damages, including, but not limited to, lost wages, benefits, and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, liquidated damages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

*/s/ Paul J. Cummings*
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

*/s/ Paul J. Cummings*
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

HENN HAWORTH CUMMINGS & PAGE
625 N. Madison Avenue, Ste. A
Greenwood, Indiana  46142
(317) 885-0041
(888) 308-6503 Fax